CLARA R. SMIT, ESQ.
ATTORNEY AT LAW
100 HORIZON CENTER BOULEVARD
HAMILTON, NJ 08691
(732) 843-6600
ATTORNEY FOR THE PLAINTIFF

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

---------------------------------------------------------

MICHAEL LEVITT & EDWARD TURNER,
on behalf of themselves and others similarly situated

    **Plaintiff**

v.

                                    **CIVIL ACTION NO.:2:19-cv-16502**

ADULT DIAGNOSTIC AND TREATMENT
CENTER , THE STATE OF NEW JERSEY &
DEPARTMENT OF CORRECTIONS and
MARCUS O'HICKS individually and
as ACTING COMMISSIONER OF
DEPARTMENT OF CORRECTIONS

                                    **SECOND AMENDED COMPLAINT AND**

    **Defendants**                                        **JURY DEMAND**

---------------------------------------------------------

      The Plaintiffs, Michael Levitt and Edward Turner residing at Adult Diagnostic and Treatment Center, 8 Production Way, City of Avenel, and State of New Jersey, by way of Complaint says:

**I**

**JURISDICTION**

      Jurisdiction of this court is invoked pursuant to N.J.S.A. 10:-5-1 et. seq, the Americans with Disabilities Act, Title II, 28 USCS Section 12131 et seq, the Rehabilitation Act, 29 USCS Section 794, Section 504, and the New Jersey Law Against Discrimination (NJLAD). This suit is

authorized and instituted pursuant to the exercise of the police power of the State for the protection of the public safety, health, and morals and to promote the general welfare and fulfillment of the provision to the Constitution of the State of New Jersey and the United States of America guaranteeing civil rights.

## II

## PARTIES

1. Plaintiff Michael Levitt resides at Adult Diagnostic and Treatment Center, 8 Production Way, City of Avenel, County of Middlesex, State of New Jersey. He is profoundly deaf and communicates primarily through American Sign Language.

2. Plaintiff Edward Turner resides at Adult Diagnostic and Treatment Center, 8 Production Way, City of Avenel, County of Middlesex, State of New Jersey. He is profoundly deaf and communicates primarily through American Sign Language.

3. Defendant, Adult Diagnostic and Treatment Center, located at 8 Production Way, City of Avenel, County of Middlesex, State of New Jersey.

4. Defendant, State of New Jersey, to be served through the State of New Jersey, Department of Law and Public Safety, 25 West Market Street, City of Trenton, County of Mercer, State of New Jersey.

5. Defendant, Department of Corrections, to be served through State of New Jersey, Department of Law and Public Safety, 25 West Market Street, City of Trenton, County of Mercer, State of New Jersey.

6. Defendant, Marcus O'Hicks, Esq., acting commissioner of the Department of Corrections, to be served through State of New Jersey, Department of Law and Public Safety, 25 West Market Street, City of Trenton, County of Mercer, State of New Jersey.

7. All defendants acted under the color of State law during all relevant times.

## Nature of Case

On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. Section 12131 et seq., establishing the most important civil rights for persons with disabilities in our country's history. This action is brought by plaintiff against the defendants for the failure to provide reasonable accommodations for plaintiff's disability and for discrimination based on disability. The plaintiff experienced humiliation and discrimination in violation of his civil rights through Defendants' policies and practices of discrimination on the basis of disability.

This action claims that defendants violated the New Jersey Law Against Discrimination, N.J.S.A. 34:1-69.10, et. seq., hereafter NJLAD, the ADA, Section 1983, and Section 504 of the Rehabilitation Act. In this action, plaintiffs seeks money damages, declaratory relief, attorney's fees and costs and punitive damages.

## IV.

## FACTUAL ALLEGATIONS

1. The Americans with Disabilities Act provides that State, County and Local Governments cannot exclude individuals with disabilities from participation in or denying them the benefits of services, programs or activities.

2. The New Jersey Law Against Discrimination specifically prohibits discrimination based upon disability under 10:5-4.1. Further N.J.S.A. 34:1-69.10 requires all that all hearing impaired individuals must be provided with a qualified interpreter for all civil and criminal proceedings. In addition the appointing authority must appoint such individual. Specifically the hearing impaired person, if incarcerated must not be held pending the arrival of an interpreter.

3. Section 504 of the Rehabilitation Act of 1973, provides that "No otherwise qualified individual with a disability" shall be "excluded, denied or discriminated against" by any facility

receiving "federal financial assistance".

4. Defendants are state and local entities who must provide public accommodations within the meaning provided in each of the above laws.

5. As relevant to the present action, discrimination includes a failure to provide appropriate and reasonable auxiliary aids to plaintiff who has a hearing loss to ensure effective communication. 28 C.F.R. Section 36.303(c).

6. On June 1, 2018, plaintiff Michael Levitt was transferred to the Adult Diagnostic and Treatment Center, where he will be incarcerated until July 20, 2022. Plaintiff Edward Turner, after serving a twelve year sentence in the state of Georgia arrived at defendant facility on March 3, 2016. He will be released on July 3, 2023. Plaintiffs are both deaf individuals who primarily communicate in American sign language and who require accommodations to have equal access to the services provided by Defendants' Correctional facility. As such they are qualified individuals with a disability.

7. Shortly after his arrival at Adult Diagnostic and Treatment Center, Mr. Levitt began making requests for his disability either through the JPAY email pay system at the prison or through written letters. . Beginning on June 14, 2018 until present, plaintiff Michael Levitt has made multiple requests for accommodations for his disability. Plaintiff Edward Turner has also made requests for the same accommodations.

8. These requests included requests for interpreters, videophones and an effective alert system. Although interpreters have been provided for some events at the jail, there are many events at which interpreters are required and are not provided. Further plaintiffs continue to be denied videophone access and continue to have problems with access to some services due to their disability. Communication with family and friends is critical for incarcerated people, but deaf and hard of hearing prisoners cannot use a typical voice phone and require accommodations to communicate with them. Although the treatment center, states it has a TTY system for prisoners

with hearing loss, this system is outdated and is no longer a viable means of communication for deaf inmates. Deaf persons today including plaintiffs' family and friends use videophones as it is the most effective and current technology for people who use sign language. As such it allows the deaf person to communicate quickly and effectively through signing and allows the party receiving the call to effectively participate in the call either directly through sign language or through a video relay interpreter.

9. Further, Plaintiffs as deaf and hard of hearing prisoners cannot hear the announcements for critical events such as counts, meal times, medical and legal call outs, recreation time and others. Defendants fail to provide alters such as flashing lights or vibrating watches or alarms to effectively communicate with deaf and hard of hearing prisoners. As a result, plaintiffs have missed these events and are subject to discipline for failing to obey verbal orders.

10. On June 14, 2018, Mr. Levitt submitted a written request for an interpreter for church services, closed captioning for Netflix movies, and a videophone to be able to contact friends and families Although Marc Sim, the ADA liason , eventually responded that the closed captioning was being addressed, no action was taken on the other issues.

11. On July 10, 2018 plaintiff made a request for a vibrating alarm clock . Plaintiff was constantly missing breakfast, appointments, work etc. due to the fact that he could not hear his surroundings to know when to get up. This request was later denied, and plaintiff was told the guards would alert him for any appointments. However, plaintiff continues to miss important appointments during the day.

12. On July 31, 2018 plaintiffs Michael Levitt and Edward Turner wrote letters collectively and individually to the director of treatment services explaining that they are deaf and explaining why they need accommodations. They explained how the TTY is obsolete and that they require a videophone to make calls. They were informed shortly thereafter their letters would be forwarded to the ADA liaison.

13. On August 17, 2018, plaintiff Michael Levitt received a letter from Marc Sim, the ADA liaison at defendant facility. The letter addressed plaintiff's request for a videophone by denying it. The letter stated they are in compliance with the ADA by providing a TTY and that a videophone will not be provided. However, as stated above a TTY is completely obsolete and unusable as deaf people now use video phones instead.

14. On August 26, 2018 plaintiff Michael Levitt made a request once again requesting interpreters for church services. At this point, two months after his original request, there were still no interpreters being provided for church services. Mr. Levitt does now have an interpreter for services.

15. On September 7, 2018, plaintiff Michael Levitt made a request once again to the ADA liaison asking for the videophone and a vibrating watch. Plaintiff received a response two weeks later denying all requests and outright refusing to provide a video phone, vibrating watch, or a visual alert system. The letter also reiterates that the TTY is the only accommodation they are willing to provide and that the guards will be used to alert him.

16. On October 10, 2018 plaintiff Michael Levitt submitted a request for assistance form complaining about the lack of accommodations including the videophone, vibrating alarm clock, vibrating watch and visual alert system to the Office of Corrections, Ombudsman.

17. On October 19, 2018, Mr. Levitt sent a message through the JPAY machine reiterating what he requested in his July 31, 2018 letter and asking for the issue to be reconsidered. He does not receive an answer to his requests in this message and again submits another request for reconsideration on November 29.

18. On November 29, 2018 plaintiff Michael Levitt submitted a follow up message of appeal for accommodations through the JPAY system. One month later this appeal is responded to through JPAY denying all requested accommodations once again.

19. Although defendants have finally began providing an interpreter to speak with plaintiff

Levitt's counsel through the phone, these calls are limited and must be scheduled and approved far in advance unlike the calls other inmates can make freely. However plaintiffs are continually being denied their basic right to communicate with their family and friends, an integral part of their recovery at Adult Diagnostic and Treatment Center, where both plaintiffs will continue to reside for multiple years until their time is served. The only communication they presently have with family and friends is through the email system, the "jpay" system, which is often inoperable and thus unreliable, and does not provide the same access that nondisabled inmates, have to simply use a telephone to speak with family, friends and counsel throughout the day. Further some of plaintiffs' family and friends either write very brief notes or refuse altogether to use a written email system such as Levitt's mother therefore he has no way of communicating with her. As the communication taking place is not real time, it is very difficult to effectively communicate through the JPAY system.

19. On December 18, 2018 plaintiff Michael Levitt received a message from the ADA liaison through JPAY that he will be provided with an interpreter for such things as health care appointments, church services, and disciplinary meetings with advance notice of at least 5 days. However, the requests for a videophone and vibrating watch/alarm clock/visual alert system were not addressed.

20. On March 5, 2019, plaintiff Michael Levitt once again requested the videophone and the vibrating alarm clock and visual alert system. To date there has been no response to his requests from the Central Office ADA Coordinator.

21. Throughout all of these requests, plaintiffs were simply trying to obtain accommodations to make their lives at defendant facility equal to those around them. Hearing inmates have complete freedom to make telephone calls whenever they desire throughout the day and because they can hear, do not miss meals or appointments when the guards alert them to same. Plaintiffs have filed inmate grievances and exhausted all administrative remedies at this point as

defendants have determined that they will not provide videophones or an accessible alert system. Plaintiffs have gone years without being able to speak to their family members, something that a hearing inmate can do daily. Further since plaintiffs have not been provided with a vibrating alarm clock or watch, plaintiffs continue to miss appointments and meal times, along with other activities.

21. Plaintiffs continue to have problems with obtaining interpreters when necessary for effective communication. Although Plaintiffs were originally provided interpreters for Church, they have not been provided interpreters for same during the last few weeks for same. Further plaintiffs are often not provided interpreters for medical visits at the facility or for outside medical visits nor do they ensure that the providers they send inmates to for medical treatment, provide accommodations.In addition when plaintiffs are sent to classes interpreters are not provided until complaints by inmates are made despite requests before the classes begin. Recently plaintiff Levitt went to an OSHA class and despite his requests both before and during the class, was not provided an interpreter.

21. Plaintiffs are often ignored, humiliated and treated like non-persons by defendants. Defendants' actions resulted in plaintiffs being incarcerated without proper accommodation for their disability.

22. Defendants' willful, knowing and intentional discrimination against plaintiffs is in violation of federal and state laws and caused plaintiffs to suffer and continue to suffer mental and physical pain and anguish. This harm will continue unless this enjoined by this Court.

## VIOLATION OF STATE and FEDERAL STATUTES

1. Plaintiffs repeat and reallege all of the allegations set forth in the section entitled "Factual Allegations" as if set forth at length herein.

2. Defendants' conduct is in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10: 5-1, et. seq, N.J. S.A. 34:1- 69.10 et seq. ,the Americans with Disabilities Act, 42

U.S.C. Section 12131 et seq., 42 U.S.C. Section 1983 and the Rehabilitation Act of 1973, 29 U.S.C. Section 794, et seq.

3. Plaintiffs, Michael Levitt and Edward Turners' hearing loss substantially limits their major life activities, including their ability to effectively communicate. Therefore, Plaintiffs are individuals with a disability under Title II of the ADA. Plaintiffs meets the essential eligibility requirements for Defendants' programs, services, and activities at all times material hereto. Thus, Plaintiffs are qualified individuals with a disability and is entitled to the protections of the ADA under 29 USCS Section 794, et seq.

4. Defendants violated Title II of the ADA, the NJLAD and the Rehabilitation Act in numerous ways, including discriminatory actions which occurred when they:

(a)  Failed to maintain policies and procedures to ensure compliance with Title II of the ADA, specifically policies that provide equal access and effective communication to individuals with disabilities;

(b)  Failed to ensure Plaintiffs, Michael and Edward Turner have effective telecommunication access.

(c)  Failed to provide auxiliary aids and services, and to modify policies and procedures to prevent discrimination against Plaintiffs, Michael Levitt and Edward Turner and to ensure equal participation and benefits in programs, services and activities 28 C.F.R.§ 35.160(b)(1);

(d)  Excluded Plaintiffs from services of the public entity and denied Plaintiffs the benefit of these services due to their disability.

(e)  Denied Plaintiffs equal access and enjoyment of aids, services and benefits.28 C.F.R. § 35.160(b)(2);,

(f) Utilized criteria or methods that have the effect of discriminating against persons with disabilities. 28 C.F.R.§ 35.160(b)(3);

4. Defendants have known about the violations noted herein but have failed to correct

them, thereby exhibiting deliberate indifference to the rights of individuals in NJDOC custody.

5. Plaintiffs suffered severe emotional distress and damages in the past, and continue to suffer emotional distress and damages due to Defendants' intentional violations of Title II of the ADA, the Rehabilitation Act and the NJLAD. These harms will continue unless enjoined by this Court.

**WHEREFORE**, Plaintiffs pray that the court grant judgment against the defendants, jointly and severally for the following:

[A] Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendants' practices, policies and procedures have subjected Plaintiffs, Michael Levitt and Edward Turner to discrimination in violation of Title II of the Americans with Disabilities Act, the Rehabilitation Act and the New Jersey Law Against Discrimination.

[B] Permanently enjoin Defendants from any practice, policy and/or procedure which will deny Plaintiffs Michael Levitt and Edward Turner equal access to, and benefit from Defendants' services or which deny Plaintiffs, Michael Levitt and Edward Turner equal access Enter a permanent injunction ordering Defendants:

1. To cease discrimination against Plaintiffs and other deaf or hard of hearing inmates;
2. To promulgate and comply with policies and procedures to ensure that Defendants and their staff do not discriminate against inmates who are deaf and hard of hearing;
3. To promulgate and comply with procedures to ensure that Defendants will provide interpreters, videophones and an effective alert system so that they may enjoy equal access and full participation in all of the services and benefits it provides.

[C] Award compensatory and punitive damages;

[D] Cost of suit to include disbursements and attorneys' fees;

[E] Such other and further relief as the court deems fair and equitable.

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

Clara R. Smit, Esq., is hereby designated as trial counsel in this matter.

## JURY DEMAND

Plaintiff demands trial by jury of 6 persons.

          **CLARA R. SMIT, ESQ.**
          **Attorney for Plaintiff**

          **/s/ Clara R. Smit**
          **CLARA R. SMIT, ESQ.**

## **CERTIFICATION**

This is to certify that, to my knowledge, the matter in controversy is not the subject of any other action pending in any other Court, or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated at this point.

Pursuant to Rule 4:5-1, I, Clara R. Smit, certify that I am a member of the firm of Clara R. Smit, attorney for the Plaintiff stated herein. To my information and belief, the matter in controversy is not the subject of any other action pending in any other Court, or of a pending arbitration proceeding and no other action or arbitration proceeding is being contemplated. At this time, the Plaintiff knows of no other party who should be joined in this action.

        /s/ Clara R. Smit
Clara R. Smit, Esq.
Attorney for Plaintiff

Dated: October 1, 2019